# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1602002148 |
| | ) | |
| JAHEEL S. PARKER, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:    February 24, 2020
Date Decided:       June 25, 2020

## ORDER

Upon consideration of Defendant's Motion for Reduction of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On September 19, 2016, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP"), Burglary First Degree, and Assault Second Degree.[1] By Order dated December 9, 2016, effective February 4, 2016, Defendant was sentenced as follows: for PFBPP, IN16-02-0485, 10 years 6 months at Level V, suspended after 5 years, for 2 years 6 months at Level IV (DOC Discretion), suspended after 6 months, for 2 years at supervision Level III;[2] for Burglary First Degree, IN16-02-0484, 5 years at Level V, suspended after 3 years,

---

[1] D.I. 7.
[2] The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 1448.

for 2 years at supervision Level III;[3] for Assault Second Degree, IN16-02-0477, 4 years at Level V, suspended after 2 years, for 2 years at supervision Level III.[4]

2. On February 24, 2020, Defendant filed the instant Motion, asking the Court to reduce 1 year from his total Level V time.[5] In support of his Motion, Defendant cites: his G.E.D.; his successful completion of the Key Program; and the support of his family.[6]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[7] The Court will not consider repetitive requests for reduction or modification of sentence.[8]

4. This is Defendant's second request to modify his sentences under Rule 35(b), and it is therefore barred as repetitive.[9]

5. In addition, Defendant filed this Motion more than 3 years after the

---

[3] The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 826.

[4] D.I. 9. Probation is concurrent.

[5] D.I. 12.

[6] *Id.*

[7] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[8] Super. Ct. Crim. R. 35(b).

[9] *See* D.I. 10, 12.

2

imposition of his sentences, it is therefore time-barred under Rule 35(b).

6. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[10] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[11] Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[12]

7. Defendant has not established "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b). Furthermore, the DOC has not submitted an application under 11 *Del. C.* § 4217.

8. While the Court commends Defendant for his rehabilitation efforts, the Court finds that Defendant's sentences are appropriate for all the reasons stated at

---

[10] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).
[11] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).
[12] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

the time of sentencing.[13]   No additional information has been provided to the Court that would warrant a reduction or modification of these sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence is **DENIED.**


*Jan R. Jurden*

_____
Jan R. Jurden, President Judge

Original to Prothonotary:
cc:   Jaheel Parker (SBI# 00602926)
      Annemarie H. Puit, DAG

---

[13] *See* D.I. 9.

4